IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| AMY C. COOPER, | ) | Civil Action No:   4:25-cv-04287-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| THE UNITED STATES DEPARTMENT | ) | |
| OF AGRICULTURE, AND JEFFREY | ) | |
| T. HAYES, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWERS TO STANDARD
INTERROGATORIES PURSUANT TO LOCAL RULE 26.01 (D.S.C.)**

Defendants, by and through the undersigned Assistant United States Attorney, respectfully submit the following answers to the Court's standard interrogatories under Local Rule 26.01 (D.S.C.).

**(A)** State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

ANSWER:  None known of at this time.

**(B)** As to each claim, state whether it should be tried jury or nonjury and why.

ANSWER:  There is no right to a trial by jury against the United States in this case, pursuant to 28 U.S.C. § 2402.

**(C)** State whether the party submitting these responses is a publicly-owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

ANSWER:  No.

(D) **State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).** *See* **Local Civ. Rule 3.01 (D.S.C.)**

ANSWER: The Florence Division is the proper division because the incident allegedly occurred in Dillon County.

(E) **Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that** *may be* **related regardless of whether they are still pending. Whether cases** *are* **related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.**

ANSWER: This case appears to be unrelated to other matters currently filed in this District.

(F) **[*Defendants only*.] If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.**

ANSWER: The United States is properly identified, but the United States Department of Agriculture and Mr. Hayes are not. In this action, Plaintiff asserts claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). When alleging an FTCA claim, the only proper defendant is the United States. *See* 28 U.S.C. § 2679(a), (b). The Court has no jurisdiction to hear FTCA claims asserted against federal agencies or establishments of the federal government. *See, e.g.*, 28 U.S.C. § 2679(a), (b)(1); *see also Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006) ("A claim under the FTCA lies only against the United States itself, as the court has no jurisdiction to hear claims asserted against federal agencies or individual federal employees"). Therefore, the United States Department of Agriculture is not a proper party. Likewise, Mr. Hayes is not a proper party. The United States is moving to substitute the United States as the sole defendant in this action.

(G) **[*Defendants only*.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.**

ANSWER: None known of at this time.

(H) **[*Parties or Intervenors in a Diversity Case*.] In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court**

2

**orders otherwise, name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).**

ANSWER: Not applicable at this time.

                                          Respectfully submitted,

                                          BRYAN P. STIRLING
                                          UNITED STATES ATTORNEY

By:   *s/Jennifer L. Mallory*
        Jennifer L. Mallory (#7435)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        Telephone: (803) 929-3102
May 21, 2025                  Email: jennifer.mallory@usdoj.gov